JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

    150 South Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-2695
    Facsimile: (408) 535-5081
    jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 08-00027-RMW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | UNITED STATES' SENTENCING MEMORANDUM |
| JOSE SEDENO-PEREZ | ) | |
| Defendant. | ) | Date: September 8, 2008 |
| | ) | Time: 9:00 a.m. |

## **INTRODUCTION**

The United States hereby submits its sentencing memorandum in the above-referenced case. On January 24, 2008, before Magistrate Judge Lloyd, Mr. Sedeno-Perez waived his right to be indicted and was arraigned on an information charging illegal reentry following deportation in violation of 8 U.S.C. § 1326. On June 30, 2008, before this court, Mr. Sedeno-Perez pled guilty (an "open" plea) to the information. At that hearing, this Court set a hearing for sentencing for September 8, 2008. The government agrees with Probation Officer Benjamin Flores' guideline calculations. We also agree that a reasonable and appropriate sentence in this case is 70 months imprisonment.

## SENTENCING GUIDELINES CALCULATION

Pursuant to the United States Sentencing Guidelines ("U.S.S.G"), which are advisory after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), the defendant has a total offense level of 21. [PSR 5.]  The defendant's base offense level is 8. [U.S.S.G. §2L1.2 and PSR 4.]  The base offense level is increased by sixteen (16) levels, to 24, since the defendant previously was deported after a conviction for a drug trafficking offense.[1]  Mr. Flores and Mr. Morales both claim that 9th Circuit law requires § 1326 indictments (and presumably informations) to state the date of the prior conviction used for guideline enhancement purposes. We disagree and a brief discussion will follow.  Finally, pursuant to U.S.S.G. § 3E1.1(a), Acceptance of Responsibility, the defendant is eligible for a downward adjustment of three levels, resulting in an adjusted offense level of 21. [PSR 5.]

The government and the Probation Officer calculate that the defendant has 11 total criminal history points, and therefore, falls into Criminal History Category V. [PSR 9.]  An adjusted offense level of 21 when indexed with a Criminal History Category of V yields a guideline range of 70-87 months imprisonment.  Probation Officer Flores recommends a sentence of 70 months imprisonment and a $100 special assessment. [PSR Addendum.]  Probation Officer Flores also recommends that the defendant be placed on supervised release for three years and that no restitution be imposed. [PSR Addendum.]

The government has reviewed the presentence report and has no objection to the factual information contained therein.  The government agrees with Probation Officer Flores' guideline calculation.  We also agree that a reasonable and just sentence in this case would be a sentence of 70 months imprisonment.

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the defendant be sentenced to 70 months imprisonment, 3 years of supervised release, no fine, and a $100 special assessment.

---

[1]     On June 9, 2004, the defendant was sentenced to two years imprisonment following a conviction in Fresno, CA for Possession With Intent to Manufacture Methamphetamine (case no. F02901219-6).

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 08-00027-RMW**              2

First, since the defendant has demonstrated his opposition to Court supervision, the custodial term of Mr. Sedeno-Perez' sentence takes on particular importance. On four occasions following imposition of sentence in his methamphetamine manufacturing conviction, the Court revoked or modified his probation. Furthermore, the defendant was deported from the United States on three occasions throughout this period of probation. The probationary tail of any sentence will have little punitive or deterrent influence on Mr. Sedeno-Perez. Therefore, those goals must be achieved through the custodial portion of his sentence.

Second, the defendant rejected an offer to participate in this district's Fast-Track program and accompanying four-level departure. This Court is sentencing Mr. Sedeno-Perez following six status hearings, two defense counsels, one criminal settlement conference and the creation of a Presentence Report by the Probation Office. The defendant's past rejection of court supervision and current willingness to spend judicial resources should prevent him from receiving special consideration, particularly the benefit of a Fast-track departure.

Among the 18 U.S.C. § 3553(a) factors a sentencing court must consider is <u>the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense</u>. 18 U.S.C. § 3553(a)(2)(A). *emphasis supplied*. Here, a guideline sentence would punish and should deter Mr. Sedeno-Perez from criminal activity.

Finally, the PSR indicates that the defendant does not have the ability to pay a fine and therefore, the government asks the Court not to impose one. [PSR Addendum.] The Court is required to impose a special assessment of $100.00.

## THE INFORMATION PROPERLY INFORMED THE DEFENDANT OF THE 20-YEAR STATUTORY MAXIMUM SENTENCE

The defendant argues that since the information did not allege the dates nor the substance of his prior convictions used for enhancement purposes, the maximum sentence for this offense is capped at 24 months. This position is contrary to U.S. Supreme Court law and current Ninth Circuit precedent. First, in <u>Almendarez-Torres v. United States</u>, the Supreme Court found a judge may enhance a sentence under § 1326(b) for a prior conviction even if the fact of the conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable

1  doubt. *See* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); United States v. Pacheco-

2  Zapeda, 234 F.3d 411, 415 (9th Cir. 2000). Second, unlike the information in this case, the

3  indictment in Garcia-Aguilar v. U.S. Dist. Court, 2008 U.S. App. LEXIS 16596 (9th Cir. August

4  6, 2008), a recent 9th Circuit decision concerning the 24-month ceiling argument, only alleged

5  one date - the date the defendant reentered the United States. Since the indictment failed to

6  allege a second date, the date(s) of prior deportation(s)/removal(s), the court in Garcia-Aguilar

7  had no basis to find that a prior conviction occurred before or after a prior deportation/removal.

8  On the contrary, cases in which the indictment (or information) contains both the reentry/found-

9  in date and the prior deportation/removal date(s), as is the case here, a court may make a finding

10  of fact regarding the fact of and date of a prior felony conviction. U.S. v. Covian-Sandoval, 462

11  F.3d 1090, 1097 (9th Cir. 2006) ("We therefore must reject Covian's contention that the district

12  court could not enhance his sentence based on its own finding of fact of a prior felony

13  conviction.") Recently, Judge Illston in this district has illuminated this rule:

14         For the following reasons, the Court determines that the Ninth Circuit created a
           disjunctive rule, not a conjunctive rule, and that there is no barrier to a court taking note
15         of the date of a qualifying conviction when it finds as a fact that a defendant has a prior
           qualifying conviction.

16  United States v. Herrera-Santos, 2008 WL 1808533 (N.D.Cal April 21, 2008.)

17  Judge Illson continues her analysis with:

18         A date of conviction, like the fact of conviction itself, is not a fact that must be tested by
           the jury; it will be readily apparent to the judge who is also finding the fact of a prior
19         conviction. Indeed, the Ninth Circuit has indicated that when a court finds the fact of a
           prior conviction, it may also find the fact that the conviction occurred on a given date that
20         was prior to the date of removal.

21  *Id.*

22         Even more recently, on August 18, 2008, your honor sentenced Mr. Arquimedes Mendoza-

23  Soriano (CR 07-00503-RMW), following an identical challenge by defense counsel, to a term of

24  imprisonment greater than 24 months. Your honor found that district court judges may enhance

25  the sentence of a §1326 defendant based upon a judicial finding of the fact of and the date of a

26  prior conviction used for enhancement purposes. The indictment in the Mendoza-Soriano case

27  mirrors the language of the information in this case.

28         Finally, we ask this court to take judicial notice of the following facts: that Mr. Sedeno-Perez

1    was convicted under Fresno County, California Superior Court Docket No. F02901219-6 of

2    Possession With Intent to Manufacture Methamphetamine under California Health and Safety

3    Code § 11383(c)(1) on June 9, 2004 and that March 2, 2005 (one of the dates of removal) is

4    subsequent to June 9, 2004.

## THE DEFENDANT'S FURTHER REQUESTS FOR DEPARTURES SHOULD BE REJECTED

7        First, as previously discussed, the government's initial offer of a fast-track disposition in this

8    case was rejected by the defendant.  After rejecting the offer, he is no longer entitled to the

9    departure benefit.  Simply, if defendants were free to reject fast-track offers but retain the

10   benefits, no defendant would accept a fast-track offer.  Also, the departure benefit inherent in

11   fast-track is a direct response to the judicial resources saved by participating in the fast-track

12   program.  In this case, the defendant did not save the government resources.  While it is true he

13   did not demand a trial, his case took almost seven months from initial appearance to guilty plea.

14   Also, the defendant will receive three-levels off for acceptance of responsibility.  That is the

15   benefit he derives from saving the government a trial.  Finally, the government extended the fast-

16   track offer much longer than it does in most cases.  We kept the fast-track offer open while the

17   defendant made his way through multiple attorneys and a criminal settlement conference.  To

18   give the defendant the benefit of fast-track at this point damages the nexus between fast-track

19   and economy of resources.

20       Second, no departure based upon U.S.S.G. § 5K2.12 is warranted.  The government has not

21   seen nor reviewed any evidence regarding particular threats made against the defendant.

22   Further, the defendant's actions, once he arrived in the U.S., were not consistent with someone

23   who believed he re-entered illegally but under coercion or duress.  Finally, the defendant's prior

24   assistance, to whatever extent, is not relevant in this case.  Fresno officers terminated all contacts

25   with the defendant once they learned of his continuing criminal activities.

26   //

27   //

28   //

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 08-00027-RMW**        5

1    Finally, defendant raises additional grounds for his requested variance- the defendant

2    requests a departure because he is ineligible for certain BOP programs and because he will be

3    deported.  This defendant will be treated similarly to similarly situated defendants.  That is all

4    that is required under § 3553(a)(6).

7    DATED: August 25, 2008        Respectfully submitted,

8    JOSEPH P. RUSSONIELLO
United States Attorney

11    ____/s/_____

12    JEFFREY B. SCHENK
Assistant United States Attorney